UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


EDWARD PHILLIPS                          CIVIL ACTION

VERSUS                                   NO: 13-5291

FEDERAL EMERGENCY MGMT                   SECTION: "J" (1)
AGENCY, ET AL.

## ORDER & REASONS

Before the Court is defendant Federal Emergency Management Agency ("FEMA")'s **Motion to Dismiss or, alternatively Motion for Summary Judgment (Rec Doc. 16)**, and Plaintiff Edward Phillips' opposition thereto. (Rec. Doc. 26) The motion is set for hearing on January 29, 2014, on the briefs. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that FEMA's motion should be granted in part and denied in part for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

It undisputed that Plaintiff purchased a Dwelling Form Standard Flood Insurance Policy ("SFIP") for his home in LaPlace, Louisiana and that the SFIP was in effect in August 2012 when Hurricane Isaac made landfall in southeast Louisiana. Further, it is undisputed that Plaintiff submitted a valid Proof of Loss form on October 17, 2012, and that FEMA sent Plaintiff a check for the majority of the losses claimed in the October Proof of Loss.

However, Plaintiff alleges that, because he thought the original adjuster underestimated his losses, he attached an affidavit to the October Proof of Loss indicating that he disputed several of the amounts therein. Later, but still within the time for filing a proof of loss, Plaintiff engaged a public adjuster to inspect his home and submitted the new estimate to FEMA. After FEMA refused to consider the new estimate, Plaintiff filed suit in this Court on August 7, 2013, alleging breach of contract and demanding damages and a declaratory judgment that "FEMA is obligated to pay [Plaintiff's] claims loss and damages, less any applicable deductible amount." (Rec. Doc. 1) FEMA filed the instant motion on November 8, 2013.

## PARTIES' ARGUMENTS

Defendant asserts that the Plaintiff's suit should be dismissed because: (1) Defendant has not waived its sovereign immunity to permit lawsuits under 28 U.S.C. § 1331 or the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02; and (2) Plaintiff's claim for breach of contract is barred because he failed to timely submit proof of loss to FEMA for the damages that he seeks in the instant suit. Additionally, FEMA asserts that Plaintiff's jury demand should be dismissed because he does not have a right to a jury in this matter and that Plaintiff named the wrong defendant in this action.

Plaintiff contends that he is entitled to a declaratory

judgment because this Court may issue such a judgment in any case in which they have original jurisdiction. As to his breach of contract claim, Plaintiff argues that the second estimate was merely a supplement to the original proof of loss, so a second proof of loss is not required. Finally, Plaintiff asserts that his amended complaint remedies any pleading defects that exist.

### LEGAL STANDARD & DISCUSSION

#### A. Defects in the Complaint

In his amended complaint, Plaintiff removed his jury request and named the proper defendant; therefore, inasmuch as FEMA raises arguments concerning these defects, the motion is denied as moot.

#### B. Declaratory Judgment

Plaintiff seeks a declaratory judgment that "FEMA is obligated to pay [Plaintiff's] claims loss and damages, less any applicable deductible amount;" however, Defendant argues that a declaratory judgment is not an available remedy under the National Flood Insurance Act. (Rec. Doc. 1, p. 4) In Scritchfield v. Mut. of Omaha Ins. Co., 341 F. Supp. 2d 675, 682 (E.D. Tex. 2004), the court, dealing with a nearly identical issue, stated that:

> Defendants acknowledge the policy and the breach of contract claim under 42 U.S.C. § 4072, but obviously dispute its merits. Even though there is a dispute about the rights and obligations of the parties under the contract, that does not automatically ripen into an affirmative remedy under the Declaratory Judgment Act, especially if other adequate remedies already exist. 10B Charles A. Wright Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. §§ 2751, 2758 (3d ed.1998). Plaintiffs

3

would get nothing from a declaratory judgement [sic] that they would not get from prevailing on their breach of contract claims. There is no claim that there is a need to interpret the contract language because of possible future events.

Scritchfield, 341 F. Supp. 2d 675, 682 (E.D. Tex. 2004).

In the instant matter, the Court finds this reasoning persuasive; therefore, Defendant's motion is granted inasmuch as Defendant seeks to dismiss the portions of the claim in which Plaintiff seeks a declaratory judgment. This, however, is not grounds to dismiss the entire suit as this Court has exclusive jurisdiction to hear Plaintiff's breach of contract claim pursuant to the NFIA. 42 U.S.C. § 4072; Smith v. Nat'l Flood Ins. Program, 796 F.2d 90, 92 (5th Cir. 1986).

**C. Proof of Loss**

**1. Legal Standard**

Defendant's argument concerning Plaintiff's failure to timely submit proof of loss must be treated as a motion for summary judgment. Berger v. Nat'l Flood Ins. Program, No. 12-2158, 2013 WL 499310, *3 (E.D. La., Feb. 7, 2013). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether

4

a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the

nonmoving party's claim.  <u>See</u> <u>Celotex</u>, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  <u>See</u> <u>id.</u> at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  <u>See, e.g.</u>, <u>id.</u> at 325; <u>Little</u>, 37 F.3d at 1075.

  **2. Discussion**

   The circumstances of the instant case are similar to those in <u>Copeland v. FEMA</u>, No. 03-2704, 2004 WL 325577 (E.D. La. Feb. 18, 2004) (Barbier, J.). In <u>Copeland</u>, FEMA contested the adequacy of Plaintiff's proof of loss only because the proof of loss failed to provide an exact dollar amount of damages claimed. <u>Id.</u> at *2. This Court denied FEMA's motion for summary judgment, finding that because "the plaintiff provided at least enough information to FEMA to evaluate the merits of the claim," summary judgment was inappropriate. <u>Id.</u> at *3. Here, it is undisputed that Plaintiff originally submitted a timely and valid proof of loss and that FEMA paid certain amounts toward satisfying that claim but has not paid all monies allegedly due. Plaintiff then submitted a supplemental proposal for additional amounts due under his claim and has sued to recover outstanding amounts allegedly due. Plaintiff has submitted adequate information for FEMA to evaluate the merits of his claims,

and therefore, summary judgment is inappropriate in this case.[1]

Accordingly,

Defendant's **Motion to Dismiss or, alternatively Motion for Summary Judgment (Rec. Doc. 16)** is **GRANTED IN PART**, **DENIED IN PART** and **DENIED AS MOOT IN PART**.

**IT IS ORDERED** that Plaintiff's claims for declaratory judgment are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 24th day of January, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] See also Reichert v. Fidelity National Property, No. 06-5448, 2007 WL 763706 (E.D. La. Mar. 8, 2007) (Zainey, J.) (finding that where the insurance company challenged the validity of the plaintiffs' proof of loss but had already paid some of the money owed on the claim, it was clear that the plaintiffs submitted sufficient information for the insurance company to evaluate the claim).